No. 18247. Marsh et al v. Commissioners. For Statement of Filing, see 1 Abs. 886.

## 1053. ROAD ASSESSMENTS.

The plaintiffs are land owners along the line of Main Market Road, between Toledo and Cleveland, especially between Monroeville and Bellevue. They were assessed upon a one-mile basis under Stction 1214 GC. Land owners in Lyme Township were assessed ten per cent for the same improvement, and the plaintiffs in Ridgefield Township, Huron County, twenty-five per cent.

The Common Pleas and the Appeals courts decided in favor of defendants, the taxing authorities, on the authority of Bashore v. Brown, Treasurer, recently decided by the Ohio Supreme Court, 1 Abs. 436 (to appear 108 OS. 18), and it is to obtain a reversal of such judgments and a final injunction against such road assessments that the motion is filed.

The questions involved are as to the discrimination as to the assessment basis between Lyme and Ridgefield Townships, also that assessments being greatly in excess of the benefits constitutes the taking of property without due process.

Other questions involved are as to the meaning of the words "equalizing board" contained in 1214 GC.

No. 18260. Cleveland Board of Education v. W. J. Featherstone.

## 865. PUBLIC OFFICERS.

This action was begun in Cuyahoga Common Pleas by Featherstone, based upon a finding for the recovery of public money made by the Bureau of Inspection and Supervision of Public Offices, brought under 286 et seq. GC. In the answer of the Board it was admitted that the said report contained a finding for recovery and admitted that the defendant received the amount claimed in the petition, but denied that the same was paid illegally. The sole question presented, therefore in the case is one of law.

In the answer of Featherstone it is alleged that he was appointed Clerk of the Board of Education of West Park (now Cleveland) City School District, January 5, 1920, for two years, and that, at the same meeting, compensation as Clerk was fixed at $1,000 per year. It was alleged also by defendant that it was the understanding between said Board and himself that his duties would require only part of his time, and that later his duties became so heavy as to require much more time than formerly, and his compensation was increased to $150 per month. The City of Cleveland contends that the allegation of the answer are insufficient in law.

The Common Pleas overruled a demurrer to the answer and entered judgment for defendant and the Court of Appeals affirmed this judgment.

Plaintiff in error claims there is prejudicial error in the judgment of the Court of Appeals in this, to wit:

(a) The judgment of the Court of Appeals is contrary to law in that it holds the decision in the case of State ex rel. Clark v. Cook, 103 OS. 465, does not apply to the instant case.

(b) The judgment of the Court of Appeals is contrary to law in that it holds that a clerk-treasurer of a board of education is not a public officer.

(c) The judgment of the Court of Appeals is contrary to law in that it follows the rule enunciated in State v. Fronzier, 77 OS. 7, and refuses to follow the law laid down in State ex rel. v. Maharray, 97 OS. 272.

No. 18254. Cleveland Board of Education v. Oscar Juergens.

## 865. PUBLIC OFFICERS.

This action was brought in the Cuyahoga Common Pleas, based upon a finding made by the Bureau of Inspection and Supervision of Public Offices, for recovery of public money, and is brought under 286 et seq. GC. In his answer the defendant admits he received the amount claimed in the petition, but denies that the same was paid illegally, and the sole question presented is one of law. The Common Pleas rendered judgment in favor of Juergens and this judgment was affirmed by the Court of Appeals and the city is asking the Supreme Court for an order directing the Court of Appeals to certify its record. The position of the parties has not changed since the commencement of the action.

The answer alleges that the defendant was appointed Clerk-Treasurer of the Board of Education of West Park for the year 1922 at a salary of $50 per month, and that later the Board of Education increased his salary to $100 per month by reason of the added responsibility and work of the position, and later, made another ncrease of $100 per month in recognition of extra and unusual services rendered by him and the time he devoted to his official duties.

The errors complained of are the same as those set forth in the foregoing case of Cleveland Board of Education v. W. J. Featherstone.